## Brainerd v. Wilson.

Partnership: settlement of accounts.

*Appeal from Johnson District Court.*

Saturday, June 14.

Certain unsettled matters between plaintiff and defendant, as members of the partnership known as Brainerd & Wilson, publishing the *Iowa City Republican*, were referred to arbitration under a written stipulation expressly reserving therefrom the dispute between them over the division of the income from the deputyship of the Iowa City post-office. The report of the arbitrators was filed in the Circuit Court of Johnson county on the 6th day of April, 1877, awarding the plaintiff against the defendant the sum of five thousand nine hundred and twenty-three dollars and thirty cents. On the same day the defendant filed in said cause a cross-petition, in substance alleging that, when the plaintiff and defendant formed their partnership for the publication of the *Iowa City Republican*, it was agreed that an effort should be made to secure the appointment of Brainerd to the place of deputy postmaster in the post-office in Iowa City, and that, if said appointment could be secured, Brainerd, as member of the partnership, should in the main devote his time to said post-office, and said Wilson should in the main conduct said paper and printing office, and the salary coming to Brainerd as postmaster should be held by and devoted to said partnership, pass thereto, and be a part of the income of said partnership; that the appointment of Brainerd as such postmaster was procured, and that for his services he received a sum, together with the interest thereon, amounting to sixteen thousand four hundred and fifty-two dollars and fifty-four cents, to one-half of which the defendant is justly entitled; that Brainerd has refused to account for any part of said sum. The defendant asks that so much of this sum as may be necessary be applied to the extinguishment of said award, and that judgment be rendered against plaintiff for the balance, and that proceedings upon the award be stayed until the final hearing. The court ordered that all further proceedings upon the award be stayed. Afterward the venue was changed to the District Court. The cause was tried by the court as an equity action. The defendant's cross-petition was dismissed, and judgment was entered upon the award in favor of plaintiff for five thousand nine hundred and twenty-three dollars and thirty cents, with interest and costs. The defendant appeals.

*Boal & Jackson* and *Fairall, Bonorden & Ranck*, for appellant.

*Robinson & Patterson* and *Remley & Swisher*, for appellee.

Day, J.—This case involves simply a question of fact. The defendant claims that at the time the partnership was formed it was agreed that if the plaintiff should be appointed post-master the defendant should partic-

ipate in the income of the office. The burden of proof is upon the defendant to establish his claim by a preponderance of evidence. The plaintiff, in answer to the cross-petition, and as a witness upon the trial, distinctly and positively denies that any such agreement was made. Considering the respective situations of the plaintiff and the defendant, at the time the partnership was formed, it does not seem very reasonable that the plaintiff would enter into such an agreement. While there are some circumstances in the case which are consistent with the conclusion that such an agreement was made, yet, we think, they are equally consistent with the contrary view. We have examined all the testimony contained in the record with care, and we unite in the conclusion that the defendant has failed to sustain the claim made in his cross-petition. The evidence is voluminous. A review of the evidence in full would be of no interest except to the parties, and the advantages resulting therefrom would not justify the occupying of the space in the reports which would be required. We unite in the opinion that the judgment must be

AFFIRMED.